IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-17-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| JEFFREY HUGH CULP, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Remain on Bond After Plea ("Motion for Bond," Doc. 7) and Motion to Seal Exhibit to Motion to Remain on Bond After Plea ("Motion to Seal," Doc. 8). Following a hearing on February 27, 2023, the undersigned ruled on the motions orally. This Order memorializes those rulings.

## I. Procedural Background

On February 8, 2023, a Bill of Information was filed charging Jeffrey Hugh Culp ("Defendant") with one count of receiving and attempting to receive child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Doc. 1.

A plea agreement and factual basis were filed on February 9, 2023. Docs. 2, 3.

The Motion for Bond and the Motion to Seal were filed on February 21, 2023. Docs. 7, 8.

1

A pretrial services report was filed on February 22, 2023. Doc. 10.

Defendant was scheduled to appear before the Court on February 22, 2023 and did appear at the courthouse that day. However, while the Court was hearing other matters on the calendar and before Defendant's case was called, Defendant became ill and required medical attention. An oral motion by defense counsel to continue the proceedings was granted, and the case was rescheduled for February 27, 2023.

Defendant appeared on February 27, 2023 at which time the Court conducted multiple proceedings, including an initial appearance, an arraignment, and a Rule 11 hearing, after which the undersigned accepted Defendant's proposed plea of guilty as to the sole count in the Bill of Information and recommended that the presiding District Judge likewise accept Defendant's plea. A consent order and judgment of forfeiture was also entered. Docs. 15, 16, 18.

## II. Discussion

### A. Motion for Bond

Pursuant to 18 U.S.C. §3143(a)(2), a person who has been found guilty of a "crime of violence" as referenced in 18 U.S.C. §3142(f)(1)(A) must be detained while awaiting the imposition or execution of the sentence.[1]

---

[1] Certain exceptions to this requirement are stated in 18 U.S.C. §3143(a)(2), but they are not applicable here.

2

Case 1:23-cr-00017-MR-WCM   Document 20   Filed 03/07/23   Page 2 of 7

Nonetheless, a "person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

"Courts generally have defined 'exceptional reasons' as circumstances which are 'clearly out of the ordinary, uncommon, or rare.'" United States v. Vilaiphone, No. 3:08CR232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) (citations omitted).

In this case, Defendant argues that the combination of his medical conditions should be deemed an exceptional reason that justifies his release. In support of that position, the Motion for Bond reports that Defendant has been deemed disabled by the Social Security Administration since 2013, that he has numerous ongoing medical diagnoses, and that multiple medications have been prescribed to help manage his conditions.

Most significant appear to be his abdominal and gastrointestinal issues. In that regard, the Motion for Bond states that Defendant underwent surgery in September of 2022 to remove infected mesh, to conduct adhesion lysis, and to perform a primary repair of an incisional hernia. Approximately two weeks later, he was hospitalized and then released after three days. He subsequently underwent follow-up colonoscopies in December of 2022. The Motion for Bond

3

further reports that Defendant "is scheduled to consult for a final hernia mesh repair in three to six months."

During the hearing on February 27, 2023, defense counsel also noted that Defendant was hospitalized beginning on February 22, 2023 for gastrointestinal problems for approximately two to three days.

In addition, the Motion for Bond states that Defendant has various back problems, and that his "disability diagnosis includes a mental health component and he receives mental health treatment in the community."

Defendant contends that he should be allowed to remain out of custody and is concerned that any detention facility where he may be housed pending sentencing will not be able to care for his ongoing medical needs adequately.

The Government objects to Defendant's release pending sentencing.

"A defendant's health or medical condition may under certain circumstances qualify as 'exceptional reasons' for release under § 3145(c)." United States v. Cro, No. 1:19-CR-00349, 2022 WL 2833976, at *4 (M.D. Pa. July 20, 2022) (citing cases).

In that regard, an "acute need for medical care…may justify release." United States v. Parker, No. 1:10-CR-28, 2011 WL 672309, at *2 (E.D. Tenn. Feb 18, 2011); see also United States v. McGillivray, No. 2:11 CR 22–7, 2012 WL 137409, at *3 (W.D.N.C. Jan. 18, 2012) (exceptional reasons merited continued release of defendant who had been undergoing treatment for

4

obstetrical problems, including treatment for possible cancer, had undergone a surgical procedure and was receiving post-operative care including chemotherapy and the Government did not object to continued release).

Chronic medical conditions, though, generally do not constitute exceptional reasons that support release. See United States v. Varney, Crim. No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *5 (E.D. Ky. May 31, 2013) (quoting Parker, 2011 WL 672309, at *2).

In this case, the information of record indicates that Defendant has multiple diagnoses and ongoing health problems. These conditions, standing alone, do not constitute exceptional reasons for release under Section 3145. The addition of Defendant's most recent hospitalization, though, makes this a closer call and the undersigned has carefully considered that information in the context of Defendant's overall medical picture.

On balance, however, the undersigned is not persuaded that Defendant's medical challenges, though numerous, are so acute that detention would be unjust. Stated differently, it has not been "clearly shown" at this time that Defendant's detention would not be appropriate. Though Defendant's medical plan includes a recommended follow-up visit regarding his abdominal issues, with the potential for an additional surgery, no specific surgical procedures are scheduled at this time. In addition, it is not clear that the detention facility where Defendant will be housed pending sentencing will not be able to address

5

his medical needs and the undersigned has no reason to believe the United States Marshals Service will not take his conditions into account when designating Defendant to a specific detention facility. See United States v. Luevano, No. 3:19-CR-581-B (1), 2021 WL 4148358, at *4 (N.D. Tex. Sept. 13, 2021) ("Courts have denied release where, '[a]lthough Defendant's medical conditions are serious, they are not beyond the ability of the United States Marshals Service [ ] to manage'") (quoting Varney, 2013 WL 2406256, at *5) (alteration in Luevano)).

### B. Motion to Seal

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also LCrR 49.1.1.

In this case, the Motion to Seal requests that three pages of Defendant's medical information be placed under seal.

The undersigned has reviewed the Motion to Seal and the subject records and has considered the public's interest in accessing the records as well as alternatives to sealing.

6

The Motion to Seal has appeared on the docket since it was filed on February 21, 2023 and the Government, during the February 27, 2023 proceedings, did not object to it. Defendant has described the documents to be sealed and the arguments in support of the Motion.

On the current record, the undersigned is persuaded that the Motion to Seal should be allowed.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion for Bond (Doc. 7) is **DENIED.**
2. Defendant's Motion to Seal (Doc. 8) is **GRANTED,** and the Exhibit to the Motion to Remain on Bond After Plea (Doc. 9) shall remain **SEALED** until further Order of the Court.

Signed: March 7, 2023

W. Carleton Metcalf
United States Magistrate Judge